Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the superior court of chancery by the appellant. Its allegations are numerous and complicated, and it would be difficult for any abstract to embrace them. Its objects are to compel the several persons, who, at various times have been the administrators of Amos Whiting, deceased, “ to file an inventory of the assets of the estate, and to account fully to the court of chancery for their actings and doings in their administration, and that they may be compelled by a decree of the court, to pay to the complainant the amount of his claim, and if there be not sufficient assets1 for the purpose, then that the administrator of one of the sureties in the administration bond may be decreed to make the payment.” These are the leading objects of the bill, though auxiliary matters are also introduced. The court below dissolved the injunction, which had been granted, and from this order the appeal was taken.
*163 Nothing, certainly, is better settled in this court, than that the court of chancery does not possess the jurisdiction, which it is here asked to exercise. The administration of estates, and the settlement of the accounts of administrators falls peculiarly and exclusively under the cognizance of the probate court. See Jones v. Coon, 5 S. & M. 751. Suits upon the bonds of administrators pertain to the circuit court. See Buckingham v. Owen, 6 S. & M. 502. Upon the well defined principles of the law, then, it would seem that there is no error in the decree.
It is alleged, however, that fraud was practised by the admin-istratorsfin their settlements. If this were true, upon a bill filed to set aside the settlement, a court of equity would have the power to do it, and to direct a new settlement in the probate court. Turnbull v. Endicott, 3 S. & M. 304. But this would give the court of chancery no power to have the settlement made in its own forum. When it had set aside the fraudulent settlement, and removed it out of the way of the complainant, its functions would be at an end. He must then proceed as if the fraudulent settlement had never been made. In this case there is no evidence to sustain the allegation of fraud. The charge is denied, and no proof is offered to show its existence, or that the settlement was made without the notice required by the statute. Stubblefield v. McRaven, 5 S. M. 142.
It is said in argument, that there was no demurrer to the jurisdiction of the court below, and that it is too late to raise the objection here. That rule is only applicable in cases of concurrent jurisdiction, and has no place where there is an entire want of jurisdiction of the subject-matter. Marsh v. Haywood, 6 Hum. 213; 4 S. & M. 549.
On the whole no error is perceived in the decree, and the same is affirmed. But the cause is remanded for farther proceedings, if by the parties deemed expedient, and found within the jurisdiction of the court.