AUGUSTA KLEMP v. CHARLES F. WINTER AND FRED. WULFEKUHLER.

GUARDIAN, *Action Against; Jurisdiction of District Court.* Where a petition states in detail that the defendant, as a former guardian of the plaintiff, who was at the time of the guardianship a female minor child, obtained a large amount of money belonging to the plaintiff, and that afterward he made settlements with the probate court, and by wrongful and fraudulent charges against his ward, and by deceiving the probate court, was allowed by the probate court to retain said money as his own, and that after said ward became of full age, the defendant, by fraud and misrepresentation, induced her to release him from all liability to her, and this action was to set aside said settlements and release and to recover said money, and the action was commenced within two years after the plaintiff discovered said fraud, and between one and two years after she attained her majority, *held,* that the petition states facts sufficient to constitute a cause of action, and that the district court has jurisdiction to hear and determine the same.

*Error from Leavenworth District Court.*

ACTION brought by *Augusta Klemp* against *Charles F. Winter,* her former guardian, and the surety on said guardian's bond, to recover money wrongfully detained from her under circumstances which are fully stated in the opinion herein. Trial at the May Term, 1879, of the district court, and judgment for defendants. The plaintiff brings the case here.

*Clough & Wheat,* for plaintiff in error:

The district court had jurisdiction (equitable) to hear and try said case, because of the fraud both as to obtaining the orders of the probate court and said settlement agreement. (17 Kas. 47; 7 Wall. 425; 9 Mo. 336–340; 20 id. 99; 23 id. 95; 27 id. 399; 6 Kas. 542; 12 N. Y. 165; 30 Iowa, 376; 47 Ind. 104; 50 Ala. 537; 26 Ohio St. 357; 1 Story's Eq., §§ 692, 707, 264.)

As the several settlements were made without notice, as required by § 150, ch. 37, Gen. Stat. 1868, they were not, any of them, what is known as "a *final* settlement," or con-

clusive. (17 Kas. 53, 55; 60 Mo. 284; 12 Leigh, 142; 2 Williams on Ex. 1777, 1778; 35 Miss. 157; 62 Mo. 419; 9 Ala. 619, 630.)

The agreement releasing the guardian from all liability whatever to the plaintiff is void, and ought to be canceled by the court. (17 Ohio St. 484; 1 Hoffman's Ch. 267; 44 Mo. 465; 36 Miss. 190; 2 Gill, 83–103; 6 N. Y. 272, 268; 55 Pa. St. 110; 8 id. 431, 433; 32 id. 265; 22 id. 22; 4 S. & R. 112.)

*J. W. Taylor*, and *Lucien Baker*, for defendants in error:

The final settlement of a guardian made in the proper court, unless revoked, reöpened or appealed from, is conclusive upon the parties. It cannot be attacked in a suit by the ward upon the guardian's bond. (17 Kas. 52, 53; 10 id. 393; 47 Ind. 98; 44 id. 429; 48 id. 391, 398; 35 Miss. 157; 3 Paige, 189; 35 Mo. 39; 29 Ga. 194; 20 Ohio, 316; 7 Pick. 1; 10 id. 75; 14 id. 407.)

If the final settlement was obtained by fraud, the plaintiff cannot attack such settlement collaterally. (12 Kas. 579.) It should be by direct proceedings in the probate court. (Civil Code, §§ 568, 570, 576.)

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced on June 6, 1878, by Augusta Klemp against Charles F. Winter, her former guardian, and Fred. Wulfekuhler, surety on the guardian's bond, for money wrongfully detained from her under circumstances hereinafter stated. The facts of the case, as set forth in the plaintiff's amended petition, are substantially as follows:

The plaintiff, whose maiden name was Augusta Schilling, was born July 4, 1859. In 1861, her father died, and in 1862, her mother died, leaving her a fatherless and motherless orphan. On February 3, 1864, Henry Winkler, who had previously been appointed her guardian, apprenticed her, with the approval of the probate court, to Charles F. Winter and Mary Ann Winter, who were husband and wife.

These things were all done and all transpired in Lafayette county, Missouri, where all the parties resided. By the terms of the indenture of apprenticeship, the plaintiff was to reside with Winter and wife until July 5, 1875, as their apprentice and servant, learning from them "the art of domestic housekeeping in all its various branches," which art they were to teach her, and they were also to give her other proper instruction in reading, writing, arithmetic, etc., and to furnish her with boarding, lodging, clothing, washing, etc., suitable to her wants and necessities. The plaintiff performed all the things which she was to perform by the terms of said indenture. In 1871, Winter and wife removed from said Lafayette county, Missouri, and settled in Leavenworth county, Kansas, taking with them the plaintiff, said Augusta Schilling. On October 1, 1872, Winter was appointed guardian for the estate of the plaintiff, on his own application, by the probate court of said Leavenworth county. Fred. Wulfekuhler and Christian Hoffman became the sureties for Winter on his guardian's bond. Afterward, Winter, as guardian for the plaintiff, obtained a large amount of money (about $1,600) belonging to her. He afterward made three settlements with the probate court, the first two of which he called annual settlements, and the third he called a final settlement. These settlements were made on December 26, 1873, April 29, 1874, and July 16, 1875, respectively. In these settlements he wrongfully and fraudulently charged and obtained credit for the same boarding, lodging, clothing, washing and schooling for which he had contracted in said indenture to furnish to the plaintiff for her services, without extra cost; and by these settlements Winter was allowed, by the probate court, to retain all of said money as his own, which in fact belonged to his ward, said Augusta Schilling. The probate court had no knowledge of said indenture, nor any knowledge of the services performed by the plaintiff for Winter and wife, but was wholly ignorant thereof, and was deceived by Winter in these respects. These settlements were also made without

any notice to the plaintiff, and she had no knowledge of the same until long after they were made. In July, 1876, Henry W. Wulfekuhler, a brother to said Fred. Wulfekuhler, was appointed guardian for the plaintiff, by the probate court, without any removal of Winter, and Fred. Wulfekuhler became Henry's surety on his guardian's bond. On July 19, 1877, said Winter and said Fred. Wulfekuhler and Henry W. Wulfekuhler, by a conspiracy and by fraud and misrepresentations, induced the plaintiff to enter into an agreement releasing Winter from all liability to her whatever. Upon entering into this agreement, Winter paid her $600; and this is all the money she has ever received from any of them. She did not, at the time of making this agreement, nor at any previous time, have any knowledge of said indenture; and its terms were carefully and fraudulently kept concealed from her; nor did she know her rights, but was deceived and defrauded by said parties. Her services to Winter and wife were amply worth all the boarding, lodging, clothing, washing and schooling which she ever received from them, or which were furnished to her by them. On September 9, 1877, the plaintiff was married to Henry W. Klemp. The prayer of her petition was for $1,100 and interest and costs, and that said settlements with the probate judge, and her agreement of July 19, 1877, be set aside, and for general relief.

The plaintiff commenced this action on June 6, 1878, and afterward, on April 10, 1879, filed an amended petition. The defendants afterward filed a *joint* demurrer to this amended petition on the grounds — first, that the amended petition did not state facts sufficient to constitute a cause of action; and second, that the court did not have jurisdiction to hear or determine the case. The court sustained the demurrer, and the plaintiff excepted, and now brings the case to this court for review.

The plaintiff's counsel say that the demurrer was sustained by the court below upon the second ground of demurrer, to wit, that the court did not have jurisdiction to hear and de-

termine the case; and we should think from the briefs of counsel ‘on both sides ‘that such was the‘ fact. But was the demurrer properly sustained upon either ground?

That fraud vitiates everything it ‘touches — final judgments, final orders, final settlements and contracts, as well as things of less consequence, we suppose all persons will admit. And that courts, possessing general equity or chancery jurisdiction, have the power to grant proper relief in all cases of fraud, we suppose will also be admitted. But we will refer to a few cases, however, which we think have some application to the particular case now under consideration. These cases to which we refer have reference to settlements made by administrators and guardians, and hold that such settlements, where fraudulently made, are not conclusive, but that proper relief may be granted to the party defrauded by other courts than the courts in which the settlements were originally made. *Payne v. Hook,* 74 U. S. ( 7 Wall.) 425; *Van Bokenen v. Cook* ( decided by the U. S. circuit court of Nevada, September, 1879,); *Strong v. Wilkson,* 14 Mo. 116; *Jones v. Brinker,* 20 Mo. 87; *Clyce v. Anderson,* 49 Mo. 37, 43; *Folger v. Heidel,* 60 Mo. 284; *Sheetz v. Kirlly,* 62 Mo. 417; *Speed v. Nelson,* 8 B. Mon. 499, 507; *Green v. Creighton,* 18 Miss. ( 10 S. & M.) 159; *Dooley v. Dooley,* 14 Ark. 122.

Under the laws of this state, the district courts of Kansas possess general equity and chancery jurisdiction, as well as general common-law jurisdiction; and unless something can be found to take away a portion of this jurisdiction, or to limit the exercise thereof, the district courts undoubtedly have the power to hear and determine all such cases as the present case. Now there is no law in this state expressly taking away or limiting the jurisdiction of the district court with reference to this particular case or class of cases, and there is no law impliedly doing so, as we think. Hence we think the court below‘ had ample power and authority to hear and determine the present case. It is true that the probate courts of this state have a general jurisdiction over the estates of minors, but there is nothing in the statutes or else-

where showing that this jurisdiction is in all cases absolutely exclusive; and the bench and bar of the state have never considered it to be thus exclusive. Suits are frequently brought in the district courts by and against minors, and sustained by the courts, which suits nearly always more or less affect the estates of such minors. But the plaintiff in this case was not a *minor* when this suit was commenced; and her estate did not belong to a minor; and hence the law relating to guardians and wards, and to the settlement of estates of minors, can have but little application in determining the question whether the district court or some other court should take or have jurisdiction of the subject-matter of this particular action.

We think it is possible that under §§ 568, 575 and 576 of the code of civil procedure, the plaintiff might have had Winter's said settlements in the probate court set aside by the probate court. But this would have been a very inadequate remedy in this case. Winter was no longer her guardian; nor was Wulfekuhler any longer her guardian; nor had she any guardian; nor was she still a minor. The whole *status* of things had changed since said settlements were made, and the probate court had lost its jurisdiction over the parties and over the estate, except perhaps to merely set aside said fraudulent settlements. But when they were set aside (if set aside), the plaintiff would be but little nearer to a complete remedy for the wrongs she had suffered than she was before. She would still have to sue in the district court to recover her money which Winter wrongfully detained from her. Besides, said contract releasing the defendants from all liability, was procured from the plaintiff after she had attained her majority; and the probate court never had, or could have, obtained any jurisdiction over it. The probate court had no power to set that contract aside. The district court alone was the only court that could have obtained the requisite jurisdiction over it, so as to set it aside. And so long as this contract remained in force, the setting aside of said fraudulent settlements would have been of no benefit to

the plaintiff. Hence it was necessary for the plaintiff, in order to obtain a complete remedy for all the wrongs which she had suffered, to commence her action in some court that could have or take complete jurisdiction over all the subject-matter of such wrongs.

It will be seen that this controversy is composed of two or more branches, one at least of which must necessarily be prosecuted (if prosecuted at all) in the district court, and one which might possibly be prosecuted in the probate court; and therefore, to avoid a division of the subject-matter of the controversy and to avoid a multiplicity of suits, the district court should and ought to take jurisdiction of the whole subject-matter of the controversy, and dispose of the same as justice and equity would require. We would think, however, that the district court would have jurisdiction of each branch of the controversy, even if each branch should be considered separately; but we do not think that the case should be so considered. The case consists of a succession of wrongs, all having in view the common purpose of detaining from the plaintiff certain money belonging to her. The district court should take jurisdiction of all these matters, as constituting one single cause of action. With reference to jurisdiction as between the probate court and district court, and settlements made in the probate court, we would refer to the following cases decided by this court: *Shoemaker v. Brown*, 10 Kas. 383, 390, *et seq.; Johnson v. Cain*, 15 Kas. 536, 537; *Rizer v. Gilpatrick*, 16 Kas. 567; *Musick v. Beebe*, 17 Kas. 47; *Collamore v. Wilder*, 19 Kas. 80.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.