# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1910.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER, } Justices.
Hon. CHARLES B. GRAVES,
Hon. ALFRED W. BENSON,

HILLIS S. MITCHELL, *as Guardian, etc., Appellant,* v.
S. J. KELLY, *as Administrator, etc., et al., Appellees.*

No. 15,702.

### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Action against Sureties and Administrator of Guardian—Conversion—Settlement in Probate Court.* An action may be maintained in the district court against the administrator of a guardian who converted his ward's money, became insolvent and died, and against the sureties on the guardian's bond, without a previous settlement of the guardian's accounts in the probate court.

Appeal from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed March 12, 1910. Re-

*J. H. Hindman,* and *John T. Little,* for the appellant.
versed.

*I. O. Pickering,* and *H. L. Burgess,* for the appellees.

1—82 KAN.

The opinion of the court was delivered by

BURCH, J.: The question in this case relates to the liability of a surety on the bond of a guardian for minor children. The petition charged that a deceased guardian converted money belonging to his wards to his own use, became insolvent, and died without an accounting. The surety on the bond demurred on the ground that a settlement of the guardian's accounts in the probate court is a condition precedent to recovery against him. The demurrer was sustained, and the present guardian, who brought the action, appeals.

The statute relating to guardians and wards (Gen. Stat. 1901, §§ 3274-3305) requires that the property of a minor shall be managed by a guardian, who upon due appointment and qualification shall take charge of it for that purpose. Section 3280 reads as follows:

"Guardians appointed to take charge of the property of the minor must give bond, with surety to be approved by the court, in a penalty double the value of the personal estate and of the rents and profits of the real estate of the minor, conditioned for the faithful discharge of their duties as such guardian according to law. They must also take an oath of the same tenor as the condition of the bond."

The bond given in this case was conditioned as follows:

"The condition of the above bond is that if Henry A. Taylor, guardian of the estate of Leanna, Richard M. and Edward S. Taylor, minors, shall faithfully discharge his duties as guardian, according to law, account for, pay and deliver all money and property of said estate, and perform all other things touching said guardianship required by law, or the order or decree of any court having jurisdiction, then the above bond to be void, otherwise to remain in full force."

The very situation which this bond was given to meet is presented. The guardian used up the money of his infant wards, is dead, and left no estate from which they may be reimbursed. His sureties must pay, and

the enforcement of their liability ought not to be fettered by rules based upon any considerations except those of substance.

The district court possesses both law and equity powers, which may be exercised in the same proceeding. It has general jurisdiction to investigate accounts and to ascertain and declare balances due, and it possesses the common-law powers always exercised by chancery courts to settle guardians' accounts. Its methods and rules of procedure are as well calculated to attain just results as are those of the probate court. A finding of a balance due from the defunct guardian and of facts making the equivalent of a default must precede a judgment holding the surety liable. It is no detriment to the surety that he is a party to the preliminary inquiry and may actively participate in it. There is no statute forbidding the district court to act, and why should it refuse to do so? The only reason offered is that by analogy the procedure usually followed in cases of defaulting executors and administrators should be adopted. The analogy is destroyed by this fact: Administration is a definite proceeding to a definite end— the collection of assets, the payment of debts, and the distribution of the residue. To accomplish this purpose the probate court has full possession of the entire subject matter. All results are to be worked out there, and to invoke the jurisdiction of the district court with reference to the estate's accounts is to interfere with the due and orderly conduct of a pending proceeding. In no sense is this true in cases of guardianship terminated by the death of the guardian. The guardian is a managing agent for his ward, nobody is interested in his conduct except the ward, and his duty is primarily to account to the ward rather than to the court. This fact is made clear by the omission from the statute of any provision for a final settlement as of the estate of a deceased person. The ward, on reaching his majority, may settle with the guardian as he pleases.

When the guardian dies the trust does not pass to his executor or administrator. His personal representative stands toward the ward as any third person having money or property of the ward in his possession. There is nothing like a pending cause before the probate court to be broken into, and no substantial reason is apparent why the new guardian may not bring his action in the district court. The authorities are divided upon this question (21 Cyc. 240), and the court adopts the view which seems to accord best with the statutes and legal policy of this state.

In all other respects the action was well brought. The record shows that the original petition was refiled and then amended by interlineation so that the certificate to the transcript is not impeached. The fact that one of the minors became of age after judgment does not abate the proceeding here. The motion to dismiss is denied and the judgment of the district court is reversed, with direction to overrule the demurrer to the petition.