Hawk v. Sayler.

E. E. HAWK, *Appellee,* v. CLYDE L. SAYLER *et al.* (THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*).

No. 16,831.

SYLLABUS BY THE COURT.

1. GUARDIAN AND WARD—*Action against Guardian for Money Due—Erroneous Accounts—Fraud.* An action for a balance claimed to be due from a guardian to his ward at the time the latter reached the age of majority is not an action for relief on the ground of fraud, although the petition contains allegations that certain charges against the ward in the guardian's annual accounts are erroneous and should not be allowed.

2. ——— *Action upon Statutory Liability—Statute of Limitations—Accrual of Action.* A cause of action against a guardian for a balance of money due to his ward at the time the latter reached the age of majority accrues at that time, and is a liability created by statute, to which the three-year period of limitation prescribed by the second subdivision of section 17 of the code of 1909 applies, although the action is upon the guardian's bond against the guardian and his surety.

Appeal from Shawnee district court. Opinion filed January 7, 1911. Affirmed.

*W. S. McClintock, A. L. Quant,* and *W. E. Rice,* for the appellant.

*Bennett R. Wheeler,* and *John F. Switzer,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is against the principal and surety upon a guardian's bond. The petition shows that the guardian was appointed December 2, 1899, when the minor was fourteen years of age; that the bond was given June 22, 1900, and that the guardian was discharged May 1, 1907, at which time he had in his hands $658 of his ward's money, which he refused to pay. This action was commenced April 8, 1909. On

a motion to make the petition more definite and certain an amendment was filed stating the dates and amounts of credits claimed by the guardian in various annual accounts filed in the probate court in the years 1901 to 1906, inclusive, for clothing, school supplies, medicine and other expenses, amounting to over $600, which items it is alleged were erroneously charged against the minor. It was further alleged that during the time of the guardianship the minor lived in the guardian's family and worked constantly for him, and that such services were worth more than the value of the supplies furnished, but that the probate court was not informed that such services had been rendered and had no knowledge thereof when the accounts were filed.

The appeal was taken by the guaranty company, surety on the bond, from a judgment overruling its demurrer to the petition as amended.

The contention of the appellant is that it appears from the petition that the cause of action is barred by the two-year limitation prescribed by the third subdivision of section 17 of the code of 1909 for actions for relief on the ground of fraud. The appellee contends that the limitation to be applied is five years, this action being upon a guardian's bond, and that the fifth subdivision of the section referred to governs.

This action is not for relief on the ground of fraud, within the meaning of the statute relied upon by the appellant. It is an action for a balance which became due to the plaintiff when he reached the age of majority, and which it was the duty of the guardian to pay to him at that time. The fact that the guardian withheld it upon a claim that he had made expenditures equal to the amount demanded, as set out in his *ex parte* accounts, does not change the nature of the plaintiff's claim against him. The entry of these items of credit to himself in his own accounts may or may not have been fraudulent, but relief is not sought on that ground. The accounts do not conclude the appellee.

They are for the information of the court, and are not adjudications against the minor. (Woerner, Am. L. of Guard., §§ 96, 97; *Mitchell v. Kelly,* 82 Kan. 1; *The State to the use of Koch v. Roeper,* 82 Mo. 57.) Whether credit should be given to the guardian for the sums so charged against his ward will be determined upon the trial of the action. The allegation concerning these entries in the accounts is in the nature of induce- ment, not essential to a statement of the cause of action, although a part of the history of the transaction. (*Logan v. Brown,* 20 Okla. 334.) A final settlement of the guardian's account in the probate court was not necessary; his duty was to account to the ward. (*Mitchell v. Kelly,* 82 Kan. 1.)

For the reasons stated, the appellant's contention that the two-year limitation governs can not be sustained. Nor can the appellee's claim that the five-year statute applies be sustained; it is settled otherwise by decisions of this court, for reasons which need not be restated here. (*Ryus v. Gruble,* 31 Kan. 767; *Comm'rs of Graham Co. v. Van Slyck,* 52 Kan. 622; *Davis v. Clark,* 58 Kan. 454.) The limitation that does apply is determined in the case last cited. That was an action upon an administrator's bond, for a balance due the estate, which was held to be a liability created by statute, and it was held that the period of limitation was three years, as provided in the second subdivision of the section before referred to. The reasoning of the opinion applies to the default of a guardian as well as that of an administrator. The cause of action accrued when the appellee reached the age of majority, but that date does not appear from the petition to have been more than three years before the action was commenced, and consequently there was no error in overruling the demurrer.

The judgment is affirmed.