No. 19,729.

VAN M. MARTIN, as Administrator *de bonis non*, etc., *Appellant*, v. G. M. DUCKWORTH and THE TITLE GUARANTEE SURETY COMPANY, *Appellees*.

### SYLLABUS BY THE COURT.

1. GUARDIAN OF LUNATIC—*Settlement of Deceased Ward's Estate— Control of Probate Court*. Sections 28 and 30 of chapter 72 of the General Statutes of 1909 (§§ 4846, 4848) contemplate that on the death of a lunatic ward his guardian shall make final settlement of his accounts in the probate court, which is given full power to control the guardian, both in the management of his ward's estate and in the settlement of his accounts.

2. SAME—*Jurisdiction of District Court*. While a final settlement of the accounts of such a guardian is pending in the probate court no occasion exists for the district court to intervene and exercise its general jurisdiction to investigate accounts, find balances, ascertain and declare defaults, and enforce securities for unfaithful conduct.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed December 11, 1915. Affirmed.

*F. L. Martin*, and *Van M. Martin*, both of Hutchinson, for the appellant.

*J. R. Beeching, J. S. Simmons,* and *K. K. Simmons,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the administrator of the estate of a deceased lunatic to recover on the bond of the lunatic's guardian, for mismanagement of his ward's estate. A demurrer was sustained to the petition and the plaintiff appeals.

The petition stated that the guardian had presented to the probate court an application for his discharge, to which was appended a so-called final account which was incomplete and incorrect. No action by the probate court on the account was pleaded, and the petition was framed on the theory that the probate court might be ignored and that the district court might investigate the unfaithful and negligent conduct of the guardian, canvass his accounts, and render judgment against him and his bondsmen for the amount of the delinquency.

Sections 28 and 30 of chapter 72 of the General Statutes of 1909, relating to guardianship of lunatics, imbeciles and drunkards, provide as follows:

"In case of the death of any such person while under guardianship the power of the guardian shall cease, and the estate shall descend and be distributed in the same manner as if such person had been of sound mind or temperate habits; and the guardian shall immediately settle his accounts and deliver the estate and effects of his ward to his personal representative.

"The probate court shall have full power to control the guardian of any such person in the management of the person and estate and the settlement of his accounts, and may enforce and carry into execution its orders and judgments in the same manner as in cases of administration." (Gen. Stat. 1909, §§ 4846, 4848.)

These sections of the statute mean that when a lunatic ward dies the power of his guardian to manage and control his estate terminates. The guardian must immediately settle his accounts. When the settlement is made the property and effects of the ward must be delivered to his personal representative. The settlement, however, must be made not with the personal representative but with the probate court, which is given full power over that subject, including power to enforce its orders and judgments. Power to control the guardian

in the settlement of his accounts is conferred as broadly as power to control the guardian in the management of the ward's estate, and consequently includes power to call him to account for neglect, mismanagement, and unfaithfulness.

The settlement contemplated is strictly analogous to what we understand by the term "final settlement." The statute relating to guardians of minor wards (Gen. Stat. 1909, §§ 3966-4000, ch. 49) contains no provision for such a settlement and consequently cases like *Mitchell v. Kelly,* 82 Kan. 1, 107 Pac. 782, do not apply. Cases like *Klemp v. Winter,* 23 Kan. 699, holding that the district court may investigate and relieve against guardians' settlements which are the product of fraud, do not apply.

The probate court having been granted primary and plenary authority over the subject matter of the petition, and that authority having been invoked by the presentation of a final account for approval, no occasion existed for the district court to intervene and exercise its general jurisdiction to investigate accounts, find balances, ascertain and declare defaults, and enforce securities for unfaithful conduct.

The petition failed to state a cause of action and the judgment of the district court is affirmed.