No. 20,533.

GEORGE W. SPARR, *Appellant*, v. THE GLOBE SURETY COMPANY
OF KANSAS CITY, MO., *Appellee*.

SYLLABUS BY THE COURT.

1. GUARDIAN—*Order Approving Final Settlement—Final Judgment—
   Collateral Attack.* An order of the probate court approving a final
   settlement of the guardian of an insane person and releasing and dis-
   charging the guardian, is a final judgment of a court of competent
   jurisdiction and is not subject to collateral attack.

2. SAME—*Order Discharging Guardian—Can Not be Attacked in Action
   Against Surety Alone.* An order of the probate court releasing and
   discharging the guardian of an insane person can not be attacked in
   an action in the district court against the surety of the guardian alone
   in an action brought by the ward after his legal disabilities have been
   removed, nothwithstanding it appears that the guardian is a non-
   resident of the state.

3. SAME—*Release of Guardian—Releases Surety.* The final judgment re-
   leasing the guardian released the surety on the guardian's bond.

4. SAME—*Motion to Set Aside Final Settlement—Service by Publication
   —No Jurisdiction Acquired.* After his legal disabilities had been re-
   moved the ward filed a motion in the probate court to set aside the
   judgment releasing and discharging the guardian, who had removed
   to another state. The only service obtained upon the guardian was by
   publication under an order of the probate court. *Held*, there being no
   statutory authority for obtaining service by publication in a proceed-
   ing where the only relief sought is a personal judgment, the probate
   court acquired no jurisdiction to make an order setting aside the
   former judgment.

5. SAME—*Motion to Set Aside Final Settlement of Guardian—Not the
   Commencement of an Action.* The filing of a motion in the probate
   court to set aside a final settlement of a guardian is not the commence-
   ment of an action within the provisions of section 18 of the civil code,
   which entitles persons under any legal disabilities to bring certain
   actions within one year after such disabilities have been removed.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed January 6, 1917.
Affirmed.

*George W. Adams, John W. Adams, William Keith*, and
*Monroe Wright*, all of Wichita, for the appellant.

*R. L. Holmes, Charles G. Yankey*, and *W. E. Holmes*, all of
Wichita, for the appellee.

31—99 KAN.

The opinion of the court was delivered by

PORTER J.: This is an action commenced against the guardian of an insane person and a surety on her bond. The plaintiff appeals from a judgment on the pleadings in favor of the surety company. No service was obtained upon the defendant guardian and the only parties to the appeal are the plaintiff and the surety.

In September, 1909, plaintiff was adjudged insane by the probate court of Sedgwick county and committed to the state hospital where he remained until June, 1913, when he was paroled. In October, 1913, the probate court made an order removing his disabilities and restoring him to his rights. At the time he was adjudged insane Jennie L. Sparr, his wife, was appointed guardian of his estate, and subsequently the defendant surety company became surety upon her bond to the amount of $500. The guardian filed an inventory of the estate, charging herself with having received certain property, and later filed her first annual report, which was approved by the probate court. On the 14th day of September, 1911, she filed a final report representing to the court that all the assets of the estate had been exhausted and asking her discharge and the release of her surety. The probate court approved and confirmed the report and discharged her as guardian. In November, 1913, after plaintiff's disabilities had been removed, he filed in the probate court exceptions to the final report of the guardian and the probate court made an order that notice of the hearing of the exceptions be given to the guardian and the surety by publication, the surety company being a nonresident corporation and the guardian having removed from the state. At the time fixed for the hearing the probate court, after approving the service by publication, found that the guardian had not accounted for the sum of $500 due the estate; that her reports were incorrect, untrue and fraudulent; the order appoving them and discharging her was set aside and she was ordered to pay the amount due George W. Sparr. Thereafter and on August 10, 1915, this suit was commenced against the guardian and the surety company to recover on the bond. There was service upon the surety company, but no service upon the guardian.

All the facts being matters of record were set forth in the petition of the plaintiff and the answer of the surety company, and the court sustained a motion for judgment upon the pleadings in favor of the surety company.

The order made by probate court discharging and releasing the guardian was a final judgment of a court of competent jurisdiction and not subject to collateral attack. However erroneous it may have been, it can not be held void. (*Musick v. Beebe, Adm'r.*, 17 Kan. 47; *Smith v. The Eureka Bank*, 24 Kan. 528; *Davis v. Hagler*, 40 Kan. 187, 19 Pac. 628; *Proctor v. Dicklow*, 57 Kan. 119, 45 Pac. 86; *Wolfley v. McPherson*, 61 Kan. 492, 59 Pac. 1054.) There are different methods by which the final settlement might have been attacked for fraud. Plaintiff might have proceeded under the provisions of sections 596 and 605 of the civil code. (*Wolfley v. McPherson*, supra.) The proceeding, however, by which plaintiff sought to set aside the final report and discharge of the guardian, was upon service by publication, and there is no statute authorizing such service in a proceeding of that kind, which merely sought relief on the ground of fraud, and the relief consisted of a personal judgment against the guardian. There was no property within the jurisdiction of the court, no *res* upon which jurisdiction could be founded. (See *Ward v. Benner*, 89 Kan. 369, 131 Pac. 609.)

Aside from the question of service, the plaintiff attempts to justify the proceedings in the probate court opening up the guardian's final report and discharging her, by the claim that sections 3595 and 4848 of the General Statutes of 1909, together with section 18 of the civil code, authorize the procedure followed. Section 3595 reads as follows:

"When the account is settled in the absence of any person adversely interested, and without actual notice to him, the account may be opened on his filing exceptions to the account at any time within six months thereafter."

Section 4848, which is section 30 of the act relating to lunatics, gives the probate court full power to control the guardian in the management of the estate, and provides that the court "may enforce and carry into execution its orders and judgments in the same manner as in cases of administration." Assuming, without deciding, that section 4848 adopts

the same procedure for controlling the estates of insane per¬ sons as that provided in the administration of the estates of deceased persons, and assuming, without deciding, that section 3595 applies so as to authorize the opening up of the account of the guardian of a lunatic by filing exceptions at any time within six months after the settlement of the account, it is very clear that section 3595 goes no further than to fix a time within which exceptions may be filed. It does not purport to give a right of action, nor does it fix the time within which an action must be brought. The plaintiff, however, contends that the six months within which he was permitted to file exceptions is extended to one year from the time his disabilities are removed and relies upon section 18 of the civil code. But this section has reference only to the period within which certain civil actions may be brought. It does not purport to extend the time for opening up accounts in the administration of estates. The filing of the motion to open up the account of the guardian was not the commencément of an action; it was merely the filing of a motion asking an order in a proceeding that had already been commenced. The judgment in the probate court releasing and discharging the guardian, being a final judgment of a court of competent jurisdiction, is still in full force and effect as to the guardian. It has never been appealed from nor has it been set aside in any manner provided by law. There was no service upon the guardian; the attempted service by publication not being authorized by any provision of the statute, the probate court acquired no jurisdiction, either of the guardian or surety.

The facts set forth in the petition with respect to the proceedings whereby the probate court attempted to open up the guardian's final report and to release and discharge her, were mere surplusage, and notwithstanding plaintiff's attempt to found his cause of action upon those proceedings and to sue as upon a judgment finding there was due him from the guardian a fixed sum, still the petition sufficiently alleged facts constituting fraud in procuring the release; and it can not be doubted that the equitable power and jurisdiction of the district court extends to just such a case. (*Pickens v. Campbell*, 98 Kan. 518, 169 Pac. 21, and cases cited in the opinion.) The defendant surety company concedes this, but contends that

this action can not be maintained against the surety alone. In those courts which hold that an accounting and settlement are necessary before an action on a guardian's bond may be maintained against the surety, it has been held that where a guardian dies insolvent in another state and no personal representative has been appointed, an accounting is impossible or impracticable, and the action may be maintained against the surety. (*Otto v. Van Riper*, 164 N. Y. 536.)   In *The Commonwealth v. Wenrick*, 8 Watts (Pa. Supr. Ct. 1) 159, it was held that where an executor or administrator absconds, conceals himself, or resides beyond the jurisdiction of the court, an action will lie against the surety on his bond, without resort, in the first instance, to the principal.   It was said in the opinion:

"A different rule would greatly embarrass legatees and creditors. . . . We must avoid the danger of a fraudulent combination between the principal and surety, as the principal might be induced to withdraw from the jurisdiction of the court, or to conceal himself for the purpose of preventing a suit against the surety."  (p. 162.)

Although it is said in 21 Cyc. 2401, that "there is considerable diversity of opinion as to the necessity of an accounting and settlement by a guardian as a condition precedent to an action at law on his bond," and that the weight of authority is that there must be an accounting and settlement before the action can be maintained, this court, in *Hawk v. Sayler*, 83 Kan. 775, 112 Pac. 602, held (following *Mitchell v. Kelly*, 82 Kan. 1, 107 Pac. 782) that an action for a balance which became due a ward when he reached the age of majority, and which it was the duty of the guardian to pay him then, could be maintained against the surety notwithstanding the fact that the guardian had filed an account in the probate court claiming certain credits against the ward.   It was held that a final settlement of the guardian's account is not a condition precedent to maintaining an action against the surety.   In *Mitchell v. Kelly*, supra, the syllabus reads as follows:

"An action may be maintained in the district court against the administrator of a guardian who converted his ward's money, became insolvent and died, and against the sureties on the guardian's bond, without a previous settlement of the guardian's accounts in the probate court."

In *Fulgham v. Herstein*, 77 Ala. 496, it was held that in the

absence of any statutory provisions, the death of the guardian and the insolvency of his estate furnished a sufficient excuse for the omission to make his personal representative a party to an action on the guardian's bond to compel an account and settlement; and further it was held that under a new statute authorizing a suit against one or more of several joint obligors without joining the others, the action could be maintained without alleging insolvency of the estate of the deceased guardian. In *The State, ex rel., v. Slevin,* 93 Mo. 253, the guardian was joined as a defendant, but no process was served upon him, and it being shown that he was a nonresident of the state, it was held that the suit might proceed against the sureties alone. In *Mitchell v. Kelly,* 82 Kan. 1, 107 Pac. 782, the personal representative of the deceased administrator was a party to the action, and besides, there was no judgment of the probate court or of any court releasing and discharging the administrator.

The provisions of section 38 of the civil code permit the plaintiff, at his option, to sue all or any of the persons severally liable on the same obligation. Therefore, the action in the present case could be maintained against the surety alone were it not for the fact that a final judgment of a court of competent jurisdiction has released and discharged the guardian. In *Farmers' and Mechanics' Bank v. Kingsley,* 2 Doug. (Mich.) 379, it was said:

"It would be as difficult for me to conceive of a surety's liability continuing after the principal obligation was discharged as of a shadow remaining after the substance was removed. (p. 403.)

" 'Without a principal there can be no accessory, nor can the obligation of the surety, as such, exceed that of the principal." (1 Brandt, Suretyship and Guaranty, 3d ed., § 163.)

In case plaintiff recovered a judgment in this action against the surety, the latter could not recover from the guardian, because the judgment of the probate court releasing and discharging her from all liability would be a complete defense to any action brought against her as guardian. That is a final judgment of a court of competent jurisdiction, not appealed from nor set aside in any lawful proceeding.

For the reasons stated plaintiff can not maintain this action and the judgment is affirmed.