No. 23,329.

JUNE LOHOFF, *Appellant*, v. NETTIE LASHELL et al., *Appellees*.

### SYLLABUS BY THE COURT.

GUARDIAN AND WARD—*Ward Attaining Her Majority—Right to Maintain Action Against Former Guardian to Recover Her Property—Jurisdiction of District Court*. When a minor attains her majority her right to the possession and control of her own property becomes absolute; and she may forthwith commence an action against her former guardian and the guardian's bondsmen for the recovery of money or property belonging to her which came into the possession of her former guardian by virtue of that guardianship; and the fact that there is a matter of accounting for alleged expenses by the former guardian pending and undetermined in the probate court is immaterial.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed July 9, 1921. Reversed.

*John R. Parsons*, of Wa Keeney, for the appellant.
*J. P. Shutts*, of Hays, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment of the district court dismissing an action by plaintiff for the sum of $500 which came into the hands of the defendant, Nettie LaShell, some years ago as guardian of the plaintiff during the latter's minority.

Plaintiff's petition narrated the essential facts, that in 1911 LaShell was appointed guardian of the plaintiff, that by virtue thereof defendant was given custody of plaintiff and of plaintiff's money, which is the $500 in controversy, that plaintiff is now eighteen years of age and married, that defendant never expended any of this money for plaintiff and has never settled with plaintiff and that this sum is now due to her from defendant.

The other defendants are sureties on the guardian's bond. One of these, W. A. Eppler, by special appearance, filed a motion to dismiss on the ground that the district court had no jurisdiction for the reason that prior to the commencement of this case the probate court had acquired jurisdiction of the parties and of the subject matter and that such court has and retains jurisdiction thereof.

On the presentation of this motion some showing was made—

"That the defendant Nettie LaShell had filed a statement for final settlement in the probate court claiming that she had no funds remaining belonging to the plaintiff and claiming to have spent the same for the plaintiff's support, and to this the plaintiff had filed a motion to set up when and where she had expended this money. No action had been taken by the probate court in the matter and the matter had been pending therein for some considerable time prior to the bringing of this action."

The trial court sustained the motion to dismiss, and plaintiff appeals.

The appeal seems to be well taken. When a minor attains her majority she is no longer under the power of any guardian or of any court, and she may assert her legal rights at once without reference to the status of her former guardian's accounts or dealings in or through the probate court. If the guardian had made a final and satisfactory settlement with her ward in the probate court or otherwise this controversy would not have arisen; but plaintiff did not have to acquiesce in any settlement approved by the probate court, and it has

Lohoff v. LaShell.

been held that when a minor attains his majority. he does not need to wait until the probate court approves or determines any such settlement. (*Mitchell v. Kelly,* 82 Kan. 1, 107 Pac. 782.) The statutes govern the final settlements of administrators, and govern the final settlements of guardians of lunatics, but no statute attempts to regulate the matter of final settlements between ordinary persons who come of age and their former guardians. (*Martin v. Duckworth,* 96 Kan. 717, 719, 153 Pac. 505.) They may settle as they please, with the approval of the probate court or otherwise, but if no satisfactory settlement is effected either party may resort to a court of general jurisdiction for adequate redress.

When plaintiff became eighteen years of age and married, she attained her majority (Laws of 1919, ch. 229), and her right to the possession and control of her own property then and there became absolute, not several weeks, months, or years afterward when her dilatory or delinquent ex-guardian may manage to square her accounts to the satisfaction of the probate court.

In *Mitchell v. Kelly,* supra, it was held that a previous settlement of a guardian's accounts in the probate court is not a prerequisite to the institution of an action in the district court on the bond of a guardian for minor children. This court, in part, said:

"The district court possesses both law and equity powers, which may be exercised in the same proceeding. It has general jurisdiction to investigate accounts and to ascertain and declare balances due, and it possesses the common-law powers always exercised by chancery courts to settle guardians' accounts. . . . There is no statute forbidding the district court to act, and why should it refuse to do so? . . . The guardian is a managing agent for his ward, nobody is interested in his conduct except the ward; and his duty is primarily to account to the ward rather than to the court. . . . The ward, on reaching his majority, may settle with the guardian as he pleases. . . . The authorities are divided upon this question (21 Cyc. 240), and the court adopts the view which seems to accord best with the statutes and legal policy of this state." (pp. 3, 4.)

To the same general effect are *Klemp v. Winter,* 23 Kan. 699, 703, 704; *Hawk v. Sayler,* 83 Kan. 775, 112 Pac. 602; *Sparr v. Surety Co.,* 99 Kan. 481, 162 Pac. 305.

The judgment of the district court is reversed, and this cause is remanded with instructions to set aside the order of dismissal and to proceed with the cause.