No. 29,691.

FRED ORVILLE DONLEY, *Appellant*, v. MRS. TENNIE GOLL (formerly TENNIE FURTHMYER), JASPER B. FURTHMYER and GEORGE P. FURTHMYER, *Appellees*.

(297 Pac. 426.)

Opinion filed April 11, 1931.

*George W. Holland* and *C. R. Holland,* both of Russell, for the appellant. *Jerry E. Driscoll,* of Russell, for the appellees.

The opinion of the court was delivered by

BURCH, J.: Plaintiff sued to recover on the bond given by his guardian while he was a minor. The district court rendered judgment in favor of a surety, and plaintiff appeals.

The bond was given in 1917. The sum of $825 belonging to plaintiff came into the hands of his guardian, who was his mother. The guardian loaned the money without authority to her impecunious second husband, or otherwise squandered it. The guardian filed no annual or other report or account, and made no final or other settlement in the probate court. Plaintiff became of age on August 31, 1927. The action was commenced on November 12, 1928, approximately two and one-half months after he was twenty-two years old. The court discharged the bondsman because of the statute, which reads:

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or a forfeiture, be at the time the cause of action accrued under any legal disability, every such person shall be entitled to bring such action within one year after such disability shall be removed." (R. S. 60-307.)

In support of its judgment, the court cited the case of *Sparr v. Surety Co.,* 99 Kan. 481, 162 Pac. 305. That case involved a collateral attack on a final judgment of the probate court approving the final account of the guardian of an insane person, and discharg-

ing the surety on the guardian's bond. The procedure relating to settlement of estates of insane persons involves a "final settlement" such as an administrator makes. The settlement is made with the probate court. When a minor becomes of age, the guardian settles with his former ward. (*Mitchell v. Kelly*, 82 Kan. 1, 107 Pac. 782; *Hawk v. Sayler*, 83 Kan. 775, 112 Pac. 602; *Martin v. Duckworth*, 96 Kan. 717, 153 Pac. 505.)

The decision in the Sparr case was rested on the nature of the judgment of the probate court—a court of competent jurisdiction, whose judgment had not been appealed from or set aside in any proceeding properly commenced for that purpose. We have no such case here.

The statute which the district court invoked was a statute to enlarge and not to restrict the rights of persons after removal of disability, and plaintiff's cause of action did not accrue to him until he became of age. There might have been ground for proceedings to protect plaintiff's estate, commenced by a next friend or on the probate court's initiative, but plaintiff could not get the money. His guardian might be removed and another appointed, but plaintiff would still be a minor under guardianship. When plaintiff became of age he acquired a title in his own right to his money, and failure of his former guardian to account and to pay, gave plaintiff for the first time a cause of action for the relief which he sought. The result is, the case is governed by the decision in *Hawk v. Sayler*, 83 Kan. 775, 112 Pac. 602. The syllabus reads:

"A cause of action against a guardian for a balance of money due to his ward at the time the latter reached the age of majority accrues at that time, and is a liability created by statute, to which the three-year period of limitation prescribed by the second subdivision of section 17 of the code of 1909 applies, although the action is upon the guardian's bond against the guardian and his surety." (¶ 2.)

The judgment of the district court is reversed, and the cause is remanded for a new trial.

SLOAN, J., not participating.