[redacted]

No. 32,346

W. R. FLETCHER, as Administrator, etc., *Appellant*, v. JANE M. HOLCOMB, *Appellee*.

(45 P. 2d 1053)

[redacted]

[redacted] Opinion filed June 8, 1935. [redacted].

*F. M. Pearl*, *Roy V. Nelson*, both of Hiawatha, and *J. B. Wilson*, of Lawrence, for the appellant.

*W. E. Archer*, of Hiawatha, for the appellee.

[redacted]

The opinion of the court was delivered by

SMITH, J.: This was an action by an administrator for an accounting. Judgment was for defendant. Plaintiff appeals.

The petition contained allegations substantially as follows: Stephen A. Holcomb and his first wife resided in Brown county. Of this union six children survive. He engaged in business there and accumulated considerable property. At the times with which we are concerned all these children were of age. In 1898 the first wife of Holcomb died. In 1900 Holcomb married the defendant in this case. In 1918 Holcomb became unable to manage his affairs. His wife assumed control of his affairs at that time. She made no accounting to any one. On November 5, 1927, Holcomb was declared in probate court to be of feeble mind. L. C. Christenson was appointed guardian to look after his affairs. From the time of the marriage of Holcomb and defendant in 1900 until 1918 they lived together and accumulated property and made investments, the exact nature of which plaintiff was unable to state. Holcomb died intestate on October 6, 1929, and plaintiff was appointed administrator. From the time Holcomb became feeble-minded until the appointment of the guardian defendant handled his business, and during the process of the guardianship continued to handle these affairs. The guardian qualified on November 10, 1927, and served until he was discharged by the court on November 30, 1929. The guardian took care of all the property that was disclosed to him by defendant, but defendant did not disclose to the guardian all of the properties of Holcomb.

The petition then contained allegations as to the amount of the property that had come into the hands of defendant and that during the time that she was handling the property of Holcomb she had refused to disclose to the rest of the family any of the circumstances concerning the property or to make any account of the property in question either to the guardian during the life of Holcomb or to the administrator after his death.

The petition further stated that the defendant had in her possession or had converted to her own use large sums of money originally belonging to Holcomb and now belonging to the administrator and refused to account for it. The prayer was for $43,185 and for an accounting.

The defendant filed answer setting up several defenses.

Count 1 was a general denial of the allegations of the petition.

Count 2 was a repetition of what has been alleged in the petition about the appointment of a guardian for Holcomb and alleged that on January 19, 1928, the guardian caused an inventory and appraisement to be made, which disclosed all the property of Holcomb; that the guardian continued to administer until November 30, 1929, when his final report was made and approved and he was discharged. The answer alleged that the order of the court approving this final account estops plaintiff from bringing this action.

Count 3 contained allegations that Holcomb died on October 6, 1929, and that Fletcher was appointed administrator. It alleged that he had filed two inventories on December 2, 1929, in which he had inventoried all the property of deceased, including all claims of deceased against others; alleged that at the time of filing these inventories the administrator was acquainted with the assets of Holcomb and had the means of ascertaining and acquiring knowledge necessary to make a complete inventory of the property of Holcomb, and did make such an inventory, and was estopped by lapse of time and his conduct in the premises from bringing this suit.

Count 4 contained allegations describing another action in the same court where this action was pending and pleads the defense of *res judicata.* The demurrer was sustained as to this count and it is not in issue here.

The fifth count of the answer alleged that the action was based on fraud and was barred by subsection 3 of R. S. 60-306 providing that an action for relief on the ground of fraud is barred where more than two years have elapsed since accrual of the cause of action, and more than two years had elapsed since the appointment of Mr. Christenson as guardian.

The sixth count of the answer alleged that subsection 3 of R. S. 60-306 provides that actions for trespass on real property or for taking, detaining or injuring personal property, including actions for specific recovery of personal property, shall be brought within two years after such action accrues, and since more than two years had elapsed since this action accrued and before it was commenced, plaintiff was barred by the statute.

The seventh count alleged that the petition showed on its face that plaintiff was barred by R. S. 60-307, which provides that if a person entitled to bring an action other than for the recovery of real property be at the time the cause of action accrued under any

legal disability any such person shall be entitled to bring such action within one year after such disability is removed.

This count further alleged that whatever disability was sustained, as alleged in the petition, such disability was removed by the appointment on November 12, 1927, of the guardian and by the appointment of the administrator on October 10, 1929. This action was not brought until February, 1932, and more than one year had elapsed.

To each count of this answer, except the first, the plaintiff demurred. The trial court sustained the demurrer with reference to the earlier action referred to in count 4 and overruled it as to the remaining defenses. From this judgment the plaintiff appeals.

The second count sets up the judgment of the probate court approving the guardian's settlement and discharging the guardian. Apart from the question of limitations, which are considered later in this opinion, the defense contained in this count does not appear to tie in sufficiently to be made determinative of the cause. It will be sufficient to note that it is by statute, R. S. 39-207, made the duty of the guardian "to collect and take into his possession the goods, chattels, moneys, and effects, books and other evidence of debt, and all writings touching the estate, real and personal, of the person under his guardianship." Under the records and issues before the court it will be presumed he did as that statute directs. The approval of the guardian's settlement was a judicial determination (*Musick v. Beebe, Adm'r*, 17 Kan. 47; *Martin v. Duckworth*, 96 Kan. 717, 153 Pac. 505) implying that the guardian had accounted for all he had received or ought to have received. In *Sparr v. Surety Co.*, 99 Kan. 481, 162 Pac. 305, it was said of such a judgment:

"An order of the probate court approving a final settlement of the guardian of an insane person and releasing and discharging the guardian, is a final judgment of a court of competent jurisdiction and is not subject to collateral attack."

The administrator cites *Klemp v. Winter*, 23 Kan. 699, on this point. But, as pointed out in *Martin v. Duckworth*, supra, that case involved guardianship of a minor and does not apply to a guardianship of insane or feeble-minded persons.

The defenses pleaded in the third and fifth counts may be disposed of briefly. The claim that the administrator is estopped by the inventory filed by him is of no consequence, and, in fact, is not argued by the defendant. The limitation against actions for fraud

is pleaded, but plaintiff disclaims any intention of relying upon fraud and states it is not necessary to do so to state a cause of action. As no fraud is directly alleged we will pass this point.

The sixth count sets up the two-year limitation applicable to actions for taking, detaining or injuring personal property, including actions for specific recovery of personal property. Concerning this defense the administrator argues that it is plain from the petition that this is not an action for the recovery of specific personal property. We consider it sufficient to observe that as the cause of action accrued in the lifetime of Holcomb, it was barred two years after his death. The administrator further argues on this point that limitations would not run until defendant had asserted an adverse claim to the property. To the extent the taking was tortious, or amounted to a conversion, a further hostile attitude would be unnecessary to put the statute in motion. (37 C. J. 959.) In any event, the administrator alleges in his petition that defendant "has consistently and persistently refused to make any account therefor, either to the guardian of the estate . . ." etc. It was the statutory duty of the guardian to take unto himself all of the property of his ward. The refusal of defendant to account to the guardian was such a default or assertion of an adverse claim as the administrator contends was lacking.

In the seventh count defendant pleads R. S. 60-307, which provides that "if a person entitled to bring an action . . . be at the time the cause of action accrued under any legal disability" he shall have one year after the removal of the disability in which to sue. It is the view of the court that this statute applies and effectively disposes of this appeal. The appropriation of money and property by defendant, pleaded by the administrator, occurred throughout a period of ten years prior to Holcomb's death, and a cause of action thereon accrued to him in his lifetime. A cause of action accrues when an action may be maintained. (*Bruner v. Martin,* 76 Kan. 862, 93 Pac. 165.) Even if Holcomb be considered an incompetent prior to his adjudication as such, that fact would not prevent a cause of action accruing to him. We do not understand that existence of a legally competent plaintiff is essential to the accrual of a cause of action. The disability of insanity does not operate to prevent a cause of action from arising in favor of the one under disability. We have a specific statute applicable to persons under disability which permits the action to be brought within one year after the

disability is removed. (R. S. 60-307.) Holcomb's disability was removed by his death, and the administrator or others interested had one year thereafter in which to sue. The administrator points out the introductory words of the statute "if a person entitled to bring an action," and argues that because of the fiduciary relation which exists between husband and wife a trust resulted, and that no cause of action accrued in favor of the beneficiary (Holcomb) until there was a repudiation of the trust and an open assertion of title on the part of the trustee. Defendant's refusal to account to the guardian, which we have considered, constituted assertion of title and denial of liability wholly inconsistent with recognition of a trust, and is sufficient answer to this argument of the administrator. The administrator's principal contention is that if defendant as agent, or otherwise, received money and property belonging to Holcomb, she was bound under implied contract and by operation of law to account, and that the three-year limitation should apply. The answer to that argument is that this cause of action accrued at least as early as the appointment of the guardian and the refusal of Mrs. Holcomb to account. While the statute did not run during the time that Holcomb was under disability, still since the cause of action accrued, then R. S. 60-307 would govern, since it is a special statute enacted to cover situations such as this. To hold otherwise would mean that one under a disability would have the usual statutory period within which to bring the action, and the year provided in R. S. 60-307 besides. Obviously the legislature did not intend this. In *Orozem v. McNeill*, 103 Kan. 429, 175 Pac. 633, this court held:

"Assuming that one who has been defrauded of money has the privilege of maintaining an action against the wrongdoer upon an implied contract to restore it, arising out of the fact of the fraud, recovery being dependent upon proof thereof, such a proceeding, unless begun within two years of the discovery of the fraud, is barred by the statute requiring 'actions for relief on the ground of fraud' to be brought within that period, notwithstanding that the limitation fixed for an action upon a contract not in writing, express or implied, is three years." (Syl.)

The effect of this holding is that a particular statute of limitations supersedes a general one.

The administrator quotes at length from *Jenkins v. Jenkins*, 94 Kan. 263, 146 Pac. 414, and seemingly relies strongly on that case. A careful reading of the opinion in that case should afford the administrator little comfort. That was an action to set aside a deed procured from a person of unsound mind. Limitations were set up

as a defense. The action was filed within less than one year after the death of the incompetent grantor. The court referred to the very statute under consideration herein, as well as the one relating to recovery of real estate, both applicable to persons under disability, and said:

"Any person who may be under a legal disability when the cause of action accrues may bring his action within a specified time after the disability is removed. Under the petition George Jenkins' *disability was never removed,* and therefore the statute did not run as to him in his lifetime." (p. 265.) (Italics ours.)

The administrator concludes from the words italicized that in the instant case Holcomb's disability was never removed and that the limitation concerning persons under disability cannot apply. Since the court in the above case specifically recognized the application of the disability statutes, it is obvious, we think, that what was intended by the last-quoted sentence was to say Jenkins' disability was never removed *in his lifetime,* and, therefore, the statute did not run in his lifetime. It is quite generally held that death of one under a legal disability operates to remove the disability. (37 C. J. 1037.)

Since the seventh count of the answer states a defense to the cause of action the demurrer to it was properly overruled.

The judgment is affirmed.