No. 30,576.

Owen Oberst, *Plaintiff*, v. V. P. Mooney, Probate Judge of Butler County, and Fred Oberst, Administrator of the Estate of W. F. Oberst, Deceased, *Defendants*.

(10 P. 2d 846.)

Opinion filed May 7, 1932.

*C. L. Aikman,* of El Dorado, *John Madden, John Madden, Jr.,* and *L. C. Gabbert,* all of Wichita, for the plaintiff.

*C. L. Harris,* of El Dorado, for defendant Fred Oberst, administrator; *K. M. Geddes,* of El Dorado, of counsel.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in mandamus to compel the probate judge of Butler county to make an order for the final settlement of the estate of W. F. Oberst, deceased, finding that the plaintiff is the sole heir of the deceased and requiring Fred Oberst, administrator of the estate, to turn over to plaintiff, as such sole heir, the assets of the estate. An alternative writ was issued. The probate judge has made no answer or return thereto. The administrator has filed an answer. Affidavits on behalf of plaintiff have been filed and he has moved that a peremptory writ issue.

The facts disclosed by the record are not seriously controverted and may be thus stated: On April 20, 1928, W. F. Oberst, a farmer residing in Butler county, his wife and five of their children were killed and the home in which they were living was burned. The circumstances indicated they had been murdered. Plaintiff is the only surviving child of W. F. Oberst and wife. He was charged with the murder of each of them. In July, 1929, charges against plaintiff for the murder of his mother, his sisters and brothers, were dismissed. Plaintiff was prosecuted for the murder of his father. Certain questions relating to that prosecution have been heretofore

determined in this court. (*State v. Oberst,* 127 Kan. 412, 273 Pac. 490; *In re Oberst,* 133 Kan. 364, 299 Pac. 959.) For this offense plaintiff was tried three times in the district court of Butler county. At each trial the jury disagreed, and on October 10, 1931, the cause of action against him for the murder of his father was, on motion of the county attorney, dismissed without prejudice.

On April 25, 1928, Fred Oberst, a brother of W. F. Oberst, was by the probate court of Butler county appointed as administrator of the estate of W. F. Oberst, deceased, and duly qualified as such administrator. In the affidavit and petition for appointment signed by Fred Oberst it was recited that W. F. Oberst died intestate, leaving personal property of the probable value of $7,000, and leaving as his heir Owen Oberst, who is the plaintiff herein. After the arrest of Owen Oberst for the murder of his father, Fred Oberst filed in the probate court an affidavit, supplemental to the petition for letters of administration, in which it was recited that since the granting of letters of administration Owen Oberst had been charged with the murder of his father, which charge was then pending in court, and that the affiant does not know and is unable to state who is entitled to the property of W. F. Oberst, or to state who is his heir, or heirs, at law. Fred Oberst proceeded with the administration of the estate of W. F. Oberst, deceased, and among other things converted the personal property into cash and invested most of it in government bonds and retained the custody of the same for the benefit of the estate. The house which burned at the time of the death of W. F. Oberst was insured. Among other things, the administrator brought an action in the district court on the insurance policy. This action pended in court awaiting the outcome of the criminal prosecution against Owen Oberst.

Perhaps anticipating that the criminal action against Owen Oberst would be dismissed, the administrator, Fred Oberst, on August 28, 1931, filed his final account as such administrator in the probate court and served notice of the final hearing on such account and request for order of distribution to be had on October 2, 1931, and gave due notice thereof, as provided by statute (R. S. 22-904). On that date the hearing was continued to October 12, to permit the order dismissing the criminal action to be made, which was done on October 10. On October 12, 1931, the matter of the approval of the final account of the administrator, determining who were the heirs of W. F. Oberst, deceased, and making an order for final distribu-

tion of the estate, came on for hearing. On that date one Dorinda A. McClain appeared in court and filed a claim against the estate in the sum.of $500 for board and lodging of Owen Oberst from June, 1930, to September, 1931. This claim was contested by Owen Oberst and his counsel and was disallowed by the probate court. The claimant gave notice of appeal, and the court fixed the amount of the appeal bond at $500.

Fred Oberst then presented his resignation as administrator of the estate of W. F. Oberst, deceased, which resignation was accepted by the court after a hearing. Counsel for Owen Oberst then suggested the appointment of Owen Oberst and John Madden, Jr., one of his attorneys, as administrators of such estate. They also requested the matter be continued until the next day, which request was granted. On the next day Fred Oberst presented for approval his final account, which had been brought up to date. This was examined and approved by the court. This showed that the administrator, after paying a sum allowed by the court for his services and that of his attorney, had on hand $980.69 in cash, eight government bonds of $1,000 each, and one of $500, and several certificates for shares in farm coöperative associations. No objections were taken to any item of the account or to the order of the court approving the same. The administrator, Fred Oberst, was ordered to bring this property into court for delivery to the administrator to be appointed by the court.

Thereupon, on the application of Owen Oberst, Harry B. Garden was appointed and qualified as administrator de bonis non of the estate of W. F. Oberst, deceased. The matter was then adjourned to October 14, and on that day to October 15. On that day Harry B. Garden, in person and by his attorney, appeared and moved the court to set aside his appointment, and after argument thereon the motion was allowed. The matter was then continued until October 16, and on that date until October 19. On that date Owen Oberst appeared, and as sole heir of W. F. Oberst, deceased, moved the court to make an order of distribution of the estate and to require Fred Oberst to turn over to him the property in his hands belonging to said estate, for the reasons: That the estate had been fully administered; that more than three and one-half years had expired since the administrator was appointed; that all debts of the estate had been paid or barred; that the administrator had filed his final account, which had been approved; that the charge against Owen

Oberst for the murder of his father had been dismissed in the district court on the motion of the county attorney; that the claim of Dorinda A. McClain was not a debt of the deceased or the administrator and was barred; that he had offered to furnish bond to secure the payment of any judgment she might obtain and had objected to the order of the court accepting the resignation of Fred Oberst as administrator; that, seeking to comply with the rulings of the court, he· had requested the appointment of Harry B. Garden, which appointment was made, and that Garden had moved to set aside the order appointing him as being illegal, for the reason that the estate was fully administered at the time of his appointment, which motion was sustained; that he had endeavored to comply with the suggestion that he be appointed administrator of the estate, but had been unable to secure a bond from·recognized surety companies; that he had never received any of the property of the estate from the administrator; that he was entitled to it and in need of it and there was no legal reason why it should not be paid ·him. The probate court heard this motion and denied it. On October 21 Owen Oberst brought this proceeding in this court.

. Owing to the wide discretion of the probate court in such matters, we pass· by complaints made of the order of the probate court ˙of October 12 accepting the resignation of Fred Oberst as administrator of the estate, and shall direct our attention to the ruling of the court on October 19, on the motion of Owen Oberst to direct a distribution of the estate. While the probate court was not specifically requested to make a finding as to who is the heir, or who are the heirs, of W. F. Oberst, deceased, it appears to be conceded in this record that Owen Oberst is the only child and heir of W. F. Oberst and entitled to the estate unless precluded therefrom for some of the reasons which will be discussed. The records of the probate court do not show the reasons of the probate court for refusing to find that Owen Oberst was the heir of W. F. Oberst and directing the administrator, Fred Oberst, to turn over the property to him, but in the briefs we are told there were four reasons:

First, the claim of Dorinda A. McClain, which had been heard and denied by the probate court; but she had given notice of appeal, the amount of her appeal bond had been fixed, and the time within which she could give bond had not expired. With respect to that Owen Oberst offered to leave sufficient funds in the hands ·of the administrator to pay any judgment which might be obtained

on that claim, or to give bond to pay it if all of the property were turned over to him. Either of these propositions appears reasonable. But we are no longer concerned with it, for she did not perfect her appeal, and the time for her to do so has expired.

Second, we are told that the administrator, Fred Oberst, had listed the property of the estate in his hands for taxation in the spring of 1931, the taxes were not due and payable until November 1, and this is suggested as a reason for not closing the estate. It was a trivial reason at the best. Since most of the property was in government bonds the taxes could not have been large, the tax rolls had been made up and turned over to the county treasurer, it would have taken but a minute to step into the treasurer's office and find the amount of the taxes, and if they could not have been paid on that date there are several ways the matter could have been easily handled so as not to delay the closing of the estate. That item has since been paid by Owen Oberst, hence it is no longer a reason for declining to close the estate.

Third, we are told that the inheritance tax had not been computed or paid, and for that reason a final discharge of the administrator could not be made. Technically this was correct (R. S. 79-1522). It has been previously held by this court that it is improper to discharge an administrator until this tax is paid (*In re Moseley's Estate,* 100 Kan. 495, 164 Pac. 1073), but a discharge of the administrator before the tax was paid would not relieve the estate of the tax. (See, also, *Skinner v. Mitchell,* 108 Kan. 861, 870, 197 Pac. 569.) Whatever impediment that caused to the closing of the estate has been eliminated, for the amount of the inheritance tax has now been computed and paid by Owen Oberst.

Fourth, the administrator had brought a suit on the insurance policy on the home of W. F. Oberst, which burned, and that action was still pending in the district court. Perhaps this suit was improvidently brought, but whatever impediment it offered at that time to the closing of the estate no longer exists, for the action has been dismissed. So all the reasons urged for the refusal of the court to close up the estate were trivial and of no substantial consequence, and they no longer exist.

From some things appearing in the record and said in the argument, perhaps the real motive actuating the defendant Fred Oberst, which prompted him to resign as administrator and which caused him and his bondsmen to oppose the motion for the distribution of

the estate, lay in these facts: Under our statute (R. S. 22-133) if Owen Oberst had been convicted of the murder of his father he could not have inherited from him. In that event Fred Oberst would have been an heir to the estate of W. F. Oberst. In one of the previous cases in this court it developed that he was looking with longing eyes toward this estate (see *State v. Oberst,* supra, p. 424). Perhaps that is what prompted him to make the supplemental petition for the appointment of an administrator. The statute, however, would not apply in this case unless Owen Oberst were convicted of the murder of his father. (*Hogg v. Whitham,* 120 Kan. 341, 242 Pac. 1021.) Since he has not been convicted, and the cause of action against him for that offense has been dismissed, he is entitled to his inheritance. But the statute of limitations does not run on the offense of murder in the first degree (R. S. 62-501). The thought prevails that at some time in the future Owen Oberst may again be charged with and convicted of the murder of his father. Remote as that contingency may be, perhaps Fred Oberst looks forward to it as a possibility and for that reason prefers that the estate should never be distributed to Owen Oberst, or at least that he, as administrator, be not required to make the distribution to him. His bondsmen, who appeared by counsel in the probate court and here, are fearful that in such a contingency they might be held liable on their bond, particularly if in the meantime the estate had been turned over to Owen Oberst and by him consumed or dissipated. These are not matters which should be allowed to have any influence in the distribution of this estate.

So far as the defendant, Fred Oberst, is concerned he brought about his own appointment as administrator, but whether he did so or not he accepted the appointment, has performed the duties of an administrator of the estate (and apparently has performed them well), and he should make distribution of the estate the same as though he had been appointed administrator of any other estate. The fact that he may entertain the hope, if he does entertain it, that possibly under changed future circumstances, which may or may not arise, he might be the heir of the estate, does not justify him in conniving to defeat the recognized legal rights of the present heir to the estate. To the extent he has, or is, so conniving, his conduct is reprehensible in the extreme.

The sureties on the bond of Fred Oberst, the administrator, while not parties to this action, out of an abundance of caution have had

counsel representing them in the probate court and here. The only concern they can have in the matter is to know that whenever Fred Oberst, as administrator, turns over the property of the estate in conformity with an order of the probate court, properly made for that purpose, they shall not be further held liable on his bond, whatever contingencies may arise. Of this they may be well assured. In a sense the administrator. acts as an auditor (*Beach v. Norris,* 127 Kan. 619, 622, 274 Pac. 256) for the purpose of collecting the assets of the estate and distributing them under orders of the court. When no complaint is made about the funds or the property which have come into his hands, or about the method of his handling the estate—and in this case no such complaints are made—and he actually disburses those funds in accordance with an order of the court properly made for that purpose, the bondsmen are no longer liable. (*Smith v. Eureka Bank,* 24 Kan. 528; *Proctor v. Dicklow,* 57 Kan. 119, 125, 45 Pac. 86.) In 24 C. J. 1069 it is said:

"The final settlement of the accounts of . . . an administrator and his discharge ordinarily terminate the liability on the bond."

To the same effect is 11 R. C. L. 182-184. The administrator's bondsmen would be protected in this case as in any other.

From what has been said it is clear that the estate of W. F. Oberst has been fully administered in the probate court of Butler county, except for a finding by the probate court of who is the heir, or who are the heirs, of the decedent and an order by the court for the assets of the estate to be delivered to such heir or heirs. The trivial objections which existed in October, 1931, to the making of the necessary findings and orders for the closing of this estate no longer exist. This being an original case in this court, we dispose of it as the facts now appear rather than as they appeared last October. No new administrator is needed, and the appointment of one by the probate court would be an abuse of its discretion. While the resignation of Fred Oberst, as administrator, was accepted by the court, he still has the assets of the estate in his possession and is amenable to appropriate orders of the court for their disbursement. He is a party to this action, and the orders of this court in this cause are binding on him. The time has come when this estate should be settled and closed up.

The writ prayed for will issue. It is therefore adjudged and ordered by this court that the defendant V. P. Mooney, probate judge of Butler county, make a finding of who is the heir, or who are the

heirs, of W. F. Oberst, deceased; that he make an order that Fred Oberst, as administrator of W. F. Oberst, deceased, pay and deliver to the heir or heirs so found the remaining assets of the estate in his hands, taking proper receipts therefor; that the defendant Fred Oberst, as administrator of the estate, pay and deliver to the heir or heirs so found the remaining assets of the estate in his hands; that upon such payment and delivery and evidence thereof the court make an order discharging Fred Oberst as administrator of such estate and releasing the sureties on his bond from further liability.

The court will retain jurisdiction of this proceeding to see that its orders are carried out.