No. 30,906.

Paul W. Schmidt, as Administrator de bonis non, with the Will Annexed, *Appellee*, v. Charles D. Simmons and The National Surety Company, *Appellants*.

(17 P. 2d 835.)

Opinion filed January 7, 1933.

*John W. Adams, George McGill, H. C. Castor* and *Victor J. Rogers*, all of Wichita, for the appellants.

*Jean Madalene,* of Wichita, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This was an action to recover on an executor's bond from the principal and his surety.

On January 15, 1929, Charles D. Simmons was appointed and qualified as executor of the estate of Parilee Simmons, deceased. He gave the statutory form of executor's bond, which was duly executed by the National Surety Company. Thereafter he was by an order of the probate court removed as such executor and the plaintiff in this case duly and regularly appointed in his stead. The petition alleged that the defendant neglected and refused to pay to the plaintiff the sum of $5,566.72, and the further sum of $1,000. It was further alleged that the probate court had on April 7, 1931, adjudged and decreed that said sums of money should be paid by the defendant to the plaintiff. An answer was filed by the surety company denying the allegations of the petition, except the execution of the bond, and alleging that the money in the hands of Charles D. Simmons was rents collected as the agent of the heirs of Parilee Simmons, deceased, and was not an asset of the estate; that the item of $1,000 was based on a promissory note given by Charles D. Simmons to Parilee Simmons, but that such indebtedness had been discharged. The separate answer of the defendant,

Charles D. Simmons, was in effect a general denial. On the trial of the case the plaintiff offered in evidence the order made by the probate court, which was received over the objection of the defendants, and is as follows:

"ORDER ON EXCEPTIONS TO REPORT.

"Now, on this 8th day of April, 1931, the above matter comes on for hearing on the exceptions to the report of Charles D. Simmons as executor; Charles D. Simmons present in person and by his attorney H. C. Castor; Gaile Simmons and James D. McPherson by their attorney Jean Madalene; and the Fourth National Bank, trustee, by its attorneys Yankey, Gleason & Cox; Pearl Hoover present by her attorney John Adams; and the administrator *de bonis non* in person and by his attorney Jean Madalene; and the court, after hearing the evidence, and on inspection of the files in the above matter, and being advised in the premises, finds that the final account of Charles D. Simmons filed December 12, 1930, is true and correct in the following particulars, to wit:

"That there is due and owing from Charles D. Simmons the sum of five thousand five hundred sixty-six ($5,566.00) dollars, to the estate of Parilee Simmons, as shown by the final report filed December 12, 1930, and that the same is now due and owing, and that the said Charles D. Simmons is charged with the said amount.

"The court further finds that the joint note of Charles D. Simmons and P. A. Grant, payable to Parilee Simmons in the sum of one thousand ($1,000.00) dollars, and dated September 1, 1928, due sixty (60) days after date, at eight (8) per centum, is due and unpaid, and that the said Charles D. Simmons, one of the joint makers, is the former executor of the estate of Parilee Simmons, and the court finds that the said Charles D. Simmons has paid himself out of the funds of the estate an amount in excess of the said obligation due by him to the said estate by reason of the said written obligation, and that the said Charles D. Simmons is liable for the same as for so much money in his hands, and is hereby charged with the money due by reason of his said obligation.

"The court further finds that Charles D. Simmons has in his possession abstracts covering the property listed in his inventory, and is charged with the same.

"It is further ordered that the said Charles D. Simmons turn over to Paul W. Schmidt, administrator, forthwith, the sum of five thousand five hundred sixty-six ($5,566.00) dollars, and the abstracts of the properties listed in the inventory of the estate of Parilee Simmons, and all goods, rights, effects, chattels and property of every kind and character, which have heretofore come to his hands as executor, and have not been distributed or paid out.

"It is further ordered that the matter of the allowance of reimbursement to the said Charles D. Simmons and his attorney be passed for further hearing to be had on the 14th day of April, 1931, at 10 a. m.

"It is further ordered that Charles D. Simmons file his account showing all moneys received and disbursements made by him since the date of his final account.

"The court further orders that all costs on citations and hearing thereon be and the same are taxed against the said Charles D. Simmons.

J. D. DICKERSON, *Judge.*

O. K.: JEAN MADALENE,
Attorney for Gaile Simmons and James D. McPherson."

There was offered and received in evidence, over the objection of the defendants, a copy of a letter under date of April 8, 1931, addressed to I. J. Talbott, state agent of the surety company. The letter, in substance, advised the company that the probate court of Sedgwick county had ordered Charles D. Simmons removed as executor of the estate of Parilee Simmons, deceased, and that demand had been made on him to comply with the order of the court and deliver the assets of the estate to the new administrator. A reply to this letter was also introduced in evidence which acknowledged the receipt of the letter and stated that the matter would be referred to the claim department. On this evidence the plaintiff rested his case.

The court refused to receive any evidence on the part of the defendants which tended to controvert or impeach the findings and judgment of the probate court. At the close of the testimony the court instructed the jury as follows:

"You are instructed that since the probate court made a finding that the defendant, Charles D. Simmons, owed certain moneys to the estate, that you shall return a verdict for this money, amounting to $6,566, with interest at the rate of 6 per cent per annum from the 8th day of April, 1931, to the date of your verdict."

The jury returned a verdict in accordance with the court's instruction.

On the motion for a new trial the defendants offered in evidence the testimony of the defendant Simmons, as follows:

"I was not present at the time this order was made, the purported order and judgment of the probate court introduced in evidence by the plaintiff in this action; I was not present at any time in the probate court at which any hearing was had upon my liability on the promissory note described in the plaintiff's petition, upon which a judgment is sought against me and the National Surety Company; that is the only note for $1,000 that I ever gave to Parilee Simmons; I was not indebted to her on any other obligation; this note was given as a consideration for a block of leases on which no liability was to accrue unless the block was completed; it was given for a small amount of acreage contingent on a block of leases being gotten together; they were never completed; I disclaim any liability on this note."

The motion for new trial was overruled, judgment entered, notice of appeal served, and the cause is here for review.

The appellants contend that the order of the probate court was not an adjudication binding on the defendants, and that the trial court should have permitted the introduction of their testimony impeaching the findings of the probate court.

The probate court is a court of limited jurisdiction, but it is given probate jurisdiction over the estates of deceased persons (Const., art. 3, § 8), and while acting within such jurisdiction its judgments are binding and conclusive unless appealed from. The court is given express power by statute to make final settlement and distribution of estates. (R. S. 22-901 *et seq.*) It may remove an administrator from office for failure to account and settle the estate according to law. (R. S. 22-323.) Where an estate has not been fully administered the court shall appoint an administrator to settle the estate, and it is the duty of such administrator to acquire the possession and control of the assets of the estate and, if necessary, maintain an action against the former executor or administrator and the surety on his bond. (R. S. 22-326.)

The rule was early established by this court that in an action upon the official bond of an executor the judgment of the probate court concerning the accounting of the administrator and all matters included therein are conclusive as against collateral attack (*Smith v. Eureka Bank*, 24 Kan. 528; *Jones v. Jones*, 125 Kan. 403, 408, 265 Pac. 66, and cases there cited), and this adjudication is held to extend to and is binding upon the sureties on the official bond. (*Sparr v. Surety Co.*, 99 Kan. 481, 162 Pac. 305; *Oberst v. Mooney*, 135 Kan. 433, 439, 10 P. 2d 846.)

It is recited in the order that the administrator was present at the hearing in person and by attorney and participated in the proceedings resulting in the findings and judgment. It was contended in the trial that the order was made without notice and the court was without jurisdiction. The recitations in the order established *prima facie* that the defendant had notice, was present and participated in the hearing in person and by attorney. On the hearing of the motion for a new trial Simmons testified that he was not present, but he does not testify that he did not have notice or that he was not represented at the hearing by his attorney as recited in the order. His testimony did not overcome the *prima facie* case, and the order and judgment was binding upon him.

The probate court had jurisdiction to determine the correctness of the final account filed by the executor and the amount of assets in his hands belonging to the estate. The origin of the assets, and whether the executor had withdrawn money from the estate while he was indebted to it, were proper and necessary questions for the court's determination. The order indicates that the matter was given full consideration by the court. The appellants did not appeal from the judgment, and it cannot be attacked collaterally, except for fraud.

The legislature appears to have recognized that notice may not reach all of the interested parties and provided that when an account is settled in the absence of any person adversely interested, without actual notice to him, he may file exceptions to the account within six months thereafter. (R. S. 22-915.) The surety company was notified immediately of the court's order. It acknowledged the receipt of the notice. It had ample time to investigate the order and either appeal therefrom or take action under the statute cited. It did neither, but elected to wait and defend against an action on the bond. It cannot, in such action, be heard to question the findings and judgment of the probate court, except for fraud, which is not alleged.

The judgment of the district court is affirmed.