No. 32,160

A. L. ROBERTS, Administrator de bonis non of the Estate of Hattie· M. Henry, Deceased, *Appellee*, v. R. BOYD WALLACE, *Defendant,*. and THE FIDELITY DEPOSIT COMPANY OF MARYLAND, *Appellant.*

(42 P. 2d 594)

Opinion filed April 6, 1935.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of· Hutchinson, for the appellant.

*Paul R. Nagle* and *William M. Davison,* both of St. John, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action by an administrator *de bonis non* against a former administrator and his bondsman to recover unadministered assets of an estate, and for conversion in case the assets could not be delivered. Judgment was for plaintiff. Defendant appeals.

Hattie M. Henry died testate on July 13, 1928. No executor was named in her will. At the time the will was drawn she owned the· fee title to a quarter section of land. In her will she devised· a life estate in this quarter section to her husband with remainder· over to his heirs, subject to the payment of $2,800 to certain of her·

brothers and sisters. Another clause made the husband the sole residuary legatee. Before the death of testatrix, however, she sold the land and received cash for it. There was no land upon which the life estate could operate and the husband, R. L. Henry, became the sole legatee under the will.

On September 19, 1928, one of the defendants, R. Boyd Wallace, was appointed executor of the estate of Hattie M. Henry.

On January 19, 1929, Robert L. Henry, the husband, made an assignment in which it was recited that Hattie M. Henry had devised a life estate in the land to Robert L. Henry, with remainder to his heirs, but had provided that before the heirs of Robert L. Henry should receive the remainder the sum of $2,800 should be paid to certain brothers and sisters of Hattie M. Henry; that she had sold the land before her death and on that account all the property of which Hattie M. Henry died seized, which included the money received from the sale of the land, passed to Robert L. Henry absolutely. The assignment then recited that Robert L. Henry desired that the original wishes of Hattie M. Henry be carried out and directed R. Boyd Wallace, executor, to pay to certain named sisters and brothers of Hattie M. Henry the sum of $2,800, share and share alike, and made the sum a charge against the share of Robert L. Henry in the estate of Hattie M. Henry. This assignment was filed in the probate court on February 12, 1929.

On June 21, 1931, the executor filed his final account in the probate court, published his notice of final settlement and filed his application for discharge.

On the 28th day of July he appeared in probate court for a hearing on his application. At that time Robert L. Henry filed a motion to set aside the assignment. The probate court did not pass on this motion.

Here the claims of parties differ. The defendants claim that Robert L. Henry then agreed with Wallace that Wallace should hold the $2,800 and invest it and pay the interest to Henry during his lifetime, and at his death pay the amounts fixed in the assignment to the brothers and sisters. The plaintiff denies this. The trial court found in favor of the plaintiff, that there was no such an agreement. At any rate, R. Boyd Wallace did hold the $2,800 and paid Robert L. Henry the interest on it until the death of Henry on October 4, 1932. At the time the motion to set aside the assignment was filed Wallace paid to Henry all the estate that was in his hands except

$2,800. The report of the executor contained the following recitation:

"Balance on hand:
Paid Robert L. Henry.................... $1,171.41
Balance on hand ........................ 2,800.00

$3,971.41 $3,971.41

Report examined and approved.

W. T. BUCKLE, *Judge.*"

On April 29, 1933, the six brothers and sisters of Hattie M. Henry filed an application in probate court asking that Wallace be compelled to complete his final settlement and make distribution in cash of the $2,800. On the 19th day of May hearing was had and the court directed Wallace to make distribution. This was not done.

On October 27, 1933, on application of the same parties, the probate court superseded R. Boyd Wallace by appointing A. L. Roberts administrator *de bonis non* and ordering the payment of the $2,800 to him.

This action was brought by Roberts against R. Boyd Wallace and the company that furnished his executor's bond. Trial was had before the court. The finding on the dispute of fact has been noted heretofore. Judgment was for the plaintiff for the $2,800, with interest and attorney fees and costs. The defendant bonding company appeals.

The defendant bonding company contends first, that the orders of the probate court from April 29, 1933, to October 27, 1933, were made without jurisdiction on the part of the probate court. The argument is, that the making of the orders in question constituted the exercising of equity jurisdiction by the probate court, which it could not do.

The court has considered such a question in *Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86. The court held:

"Specific authority is conferred upon the probate courts to settle the accounts of administrators, and to order the distribution of the estates of deceased persons, and, having jurisdiction to make distribution of an estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate."

In the opinion it was said:

"In this state probate courts are given complete jurisdiction of all matters connected with the settlement of the estates of deceased persons, and specific authority is conferred upon them to settle the accounts of administrators and to order the distribution of estates." (p. 124.)

In the case of *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435, this court held:

"When one claiming to be entitled to a distributable portion of a decedent's estate, applies to the probate court for an order upon the executor for payment of the share claimed to be due, and the executor appears and resists the making of the order, but the court grants the application and orders payment; held, such order is conclusive upon the executor unless appealed from, and he cannot collaterally attack it by injunction proceedings in the district court to restrain the distributee from enforcing it."

To the same effect is *Correll v. Vance,* 127 Kan. 840, 275 Pac. 174. In *Schmidt v. Simmons,* 136 Kan. 666, 17 P. 2d 835, it was said:

"The appellants contend that the order of the probate court was not an adjudication binding on the defendants, and that the trial court should have permitted the introduction of their testimony impeaching the findings of the probate court.

"The probate court is a court of limited jurisdiction, but it is given probate jurisdiction over the estates of deceased persons (Const., art. 3, sec. 8), and while acting within such jurisdiction its judgments are binding and conclusive unless appealed from. The court is given express power by statute to make final settlement and distribution of estates. (R. S. 22-901 *et seq.*) It may remove an administrator from office for failure to account and settle the estate according to law. (R. S. 22-323.) Where an estate has not been fully administered the court shall appoint an administrator to settle the estate, and it is the duty of such administrator to acquire the possession and control of the assets of the estate and, if necessary, maintain an action against the former executor or administrator and the surety on his bond. (R. S. 22-326.)

"The rule was early established by this court that in an action upon the official bond of an executor the judgment of the probate court concerning the accounting of the administrator and all matters included therein are conclusive as against collateral attack (*Smith v. Eureka Bank,* 24 Kan. 528; *Jones v. Jones,* 125 Kan. 403, 408, 265 Pac. 66, and cases there cited), and this adjudication is held to extend to and is binding upon the sureties on the official bond. (*Sparr v. Surety Co.,* 99 Kan. 481, 162 Pac. 305; *Oberst v. Mooney,* 135 Kan. 433, 439, 10 P. 2d 846.)" (p. 669.)

In this case there can be no doubt that the administrator had not administered the estate according to law. There was $2,800 clearly not administered. In such a situation under the authorities cited when it was brought to the attention of the probate court that the administration was incomplete it was the duty of that court to order a completion of it. When these orders were made the defendants had a right to appeal them to the district court. This was not done, and the defendants are bound.

Defendant bonding company argues that the assignment created the relationship of trustee and *cestui que trustent* and that Wallace,

as executor of the estate, ceased to hold the $2,800 as such. The trouble with that argument is that the assignment directed the administrator to pay the $2,800 out of the assets of the estate. Nothing was said relative to holding the $2,800 for life of Robert L. Henry for the benefit of the brothers and sisters, until the oral agreement that R. Boyd Wallace claims was made between Wallace and Henry. The court found that no such agreement was made. The same answer may be made to the argument this alleged agreement constituted Wallace trustee for Henry and the six brothers and sisters and not executor of the estate of Hattie Henry and the argument that the handling of the $2,800 was not covered by the executor's bond. The trial court held that the agreement upon which defendant relies to change his status from that of executor to that of trustee did not take place. In view of this finding of the trial court the case is a simple one, where an executor has money which came into his hands as executor and for which he has not accounted to anybody. All persons connected with the case admit that he had no right to it.

The judgment of the trial court was that he should pay this money to the administrator *de bonis non*. We are unable to find any error in this record, and the judgment of the trial court is affirmed.