Barbara MORGAN, Plaintiff-Appellee,

v.

The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES,** a corporation, Defendant,

**Betty Parsons et al., Cross-Defendants-Appellants,**

**Walter F. McGinnis, Administrator c.t.a. of the Estate of Harvey R. Morgan, Deceased, Cross-Defendant.**

No. 314–70.

United States Court of Appeals, Tenth Circuit.

Aug. 10, 1971.

Rehearing Denied Sept. 2, 1971.

---

Payne H. Ratner, Jr., Wichita, Kan., (Richard R. Barnes, and Ratner, Mattox, Ratner, Ratner & Barnes, Wichita, Kan., with him on the brief), for plaintiff-appellee.

Jerry W. Hannah, Topeka, Kan. (John E. Wilkinson, Topeka, Kan., with him on the brief), for cross-defendants-appellants.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is whether under Kansas law a widow, who has been convicted of killing her husband, can recover the proceeds of an insurance policy on the deceased's life. The federal district court permitted recovery.

The deceased, Harvey R. Morgan, had a $20,000 policy on his life issued by defendant Equitable Life Assurance Society. His widow, plaintiff-appellee Barbara Morgan, was found guilty of third-degree manslaughter in connection with his death. The widow petitioned the probate court of Butler County, Kansas, for the admission of Harvey's will to probate and for the issuance of letters testamentary to her. The probate court, on December 6, 1968, admitted the will to probate but held that letters testamentary would not issue to the widow because she is barred by law "from inheriting, taking by will or otherwise any portion of said estate" as a result of her conviction of third-degree manslaughter. An appeal from this order was taken to the district court of Butler County, Kansas. The appeal is still pending in the district court where it will be heard de novo on its merits.

On September 10, 1969, the widow brought a diversity action in the United States District Court for the District of Kansas on the Equitable policy. Equitable answered and filed a counterclaim and cross-claim for interpleader naming the widow as the counterclaim defendant and naming a former wife of Harvey, six children of Harvey, and the administrator c. t. a. of Harvey's estate as cross-claim defendants. Equitable paid the amount of the policy plus interest into the registry of the court and asked the court to determine who was entitled thereto. The court held that the widow was entitled to the policy proceeds.

The controversial Kansas statute is K.S.A. § 59–513 which reads:

"No person who shall be convicted of feloniously killing, or procuring the killing of, another person shall inherit or take by will or otherwise from such other person any portion of his estate."

K.S.A. § 21–413 defines manslaughter in the third degree thus:

"The killing of another in the heat of passion, without design to effect death, by a dangerous weapon, in any case except wherein the killing of another was justifiable or excusable, shall be deemed manslaughter in the third degree."

The widow points out that § 21–413 covers a killing "without design to ef-

fect death" and argues that a § 21–413 conviction does not bring into play the bar of § 59–513 which applies to "feloniously killing." She says that intent is a necessary element of felonious killing.

Rosenberger v. Northwestern Mutual Life Insurance Company, D.Kan., 176 F. Supp. 379, modified 182 F.Supp. 633, was an action by a widow to recover on a life insurance policy of her deceased husband. She had been convicted of fourth degree manslaughter in connection with his death. See K.S.A. § 21–419. Judge Stanley of the United States District Court for the District of Kansas held that § 59–513 applies "to those wrongdoers who intentionally cause the wrong and not to those who may have been negligent," 176 F.Supp. at 383, and ordered the policy proceeds paid to the widow. 182 F.Supp. at 636. The only significant difference between § 21–413 and § 21–419 is that under § 21–413 the killing is with a dangerous weapon.

In United Trust Company v. Pyke, 199 Kan. 1, 427 P.2d 67, the court considered a murder-suicide situation and refused to apply § 59–513 because there was no conviction of a felonious killing. Ibid. 427 P.2d at 76. With reference to Judge Stanley's decision in Rosenberger v. Northwestern Mutual Life Insurance Company, the Kansas Supreme Court said: "We do not pass upon the correctness of the federal court's application of K.S.A. § 59–513." Ibid.

The case at bar was heard by Judge Templar of the United States District Court for the District of Kansas. He followed Judge Stanley's Rosenberger decision and in so doing said that: "Courts of coordinate jurisdiction should strive to prevent unseemly conflict in substantive rules of law * * *." Accordingly, he allowed the widow to recover the policy proceeds on the authority of Rosenberger.

We are confronted with two contrary constructions of § 59–513. In estate proceedings, the Kansas probate court has held that the widow cannot take under the will. In the action under the insurance policy the federal court has decided that the widow may recover as the beneficiary under an insurance policy on the life of her deceased husband. The decisions are in conflict if § 59–513 applies both to taking by will and by recovery under an insurance policy.

Noller v. Aetna Life Ins. Co., 142 Kan. 35, 46 P.2d 22, was a dispute over the proceeds of a life insurance policy on the life of the husband. The facts showed a murder-suicide situation in which the wife survived the husband. The administrator of the husband's estate said that the administrator of the wife's estate could not recover because of K.R.S. (1935) § 22–133, the predecessor of K.S.A. § 59–513. Section 22–133 denied recovery "by deed, will or otherwise" by one convicted of killing another. The court said: "The words 'or otherwise' would apply to a case where the person who did the killing was the beneficiary in an insurance policy." Ibid. 46 P.2d at 26. The court refused to apply the bar because there had been no conviction.

In United Trust Company v. Pyke, supra, the property in litigation included insurance policy proceeds. The court quoted at length from Noller v. Aetna Life Ins. Co., supra, and said that § 59–513 "bars the wrongdoer from taking by inheritance or otherwise from a person feloniously killed by him." 427 P.2d at 75. Although the question is not entirely foreclosed because both Noller and Pyke were resolved on the lack of a conviction, we are convinced that the Kansas Supreme Court intends § 59–513 to bar taking under a policy of insurance on the life of the person killed.

The problem is what we should do in the light of the conflicting state and federal decisions. We recognize King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, which construed the Rules of Decision Act, 28 U.S.C. § 1652, as not requiring a federal court to follow a decision by a South Carolina county court of common pleas, whose decisions are not reported, are binding only on

the parties to a particular case, and are not precedents in any other state court. Under this rule the federal court in the case at bar was not bound by the decision of the Kansas probate court. This does not solve our problem. On the premise that under the decisions of the Kansas Supreme Court § 59–513 applies to bar either taking by will or receiving payment of insurance policy proceeds, it would be anomalous to have a result whereby the Kansas court denies taking by will to one convicted of third-degree manslaughter and the federal court permits the same person to take the insurance policy proceeds.

We have here no jurisdictional question. Cf. Miller v. Miller, 10 Cir., 423 F.2d 145, 147. The state court action relates to the will and the federal court action to the insurance policy. Rather we have a situation wherein each court is concerned with the application of the same state statute to the same person. We believe that comity and the principles of sound judicial administration require that the same answer be given in each case. The construction and application of the Kansas statute is for determination by the Kansas courts. The question is whether the federal courts should abstain until the point is decided by the Kansas courts.

In arguing against abstention counsel for the widow rely on Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L. Ed. 9. The Supreme Court has had occasion to pass on abstention questions many times since Meredith and its predecessor Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. In Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50, the Court said that abstention should be applied only where "the issue of state law is uncertain." In Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444, the Court

said that abstention is applicable "only in narrowly limited 'special circumstances.'" See also Reetz v. Bozanich, 397 U.S. 82, 86, 90 S.Ct. 788, 25 L.Ed.2d 68. In Kaiser Steel Corp. v. W. S. Ranch Co., 391 U.S. 593, 594, 88 S.Ct. 1753, 20 L. Ed.2d 835, the Court held that the federal court should have stayed its hand until the crucial state law issue could be decided in state courts, and commented that sound judicial administration requires that the parties to the case be given the benefit of the same rule of law that might apply to others.

In the case before us the issue of state law is uncertain. A special circumstance exists in that the state court and the federal court have placed different constructions on the same state statute as applied to the same person. Sound judicial administration requires that such person, and the other parties in interest, receive the same treatment in each court.

We are not persuaded by the argument of the widow that more than two years will be required to settle the issue in the Kansas courts. The decision of the Kansas probate court was made on December 6, 1968. The date of the application to the Kansas district court for review of the probate court judgment does not appear in the record. Nothing in the record or briefs suggests that the attorneys for the widow have pressed the Kansas district court proceedings. Instead, in September, 1969, they filed the instant action in federal court. The switch from state to federal court does not impress us. We are convinced that in the circumstances presented the federal courts should abstain until the issue is settled in the state courts.

The judgment is reversed and the case is remanded with directions to hold it in abeyance until final determination of the pending state case. Upon such final determination the federal district court shall take such action as it deems proper.