AMERICAN BENEFIT LIFE INSURANCE COMPANY, an Alabama Corporation, and Louis J. Roussel, Jr., a citizen of Louisiana, Plaintiffs,

v.

UNITED FOUNDERS LIFE INSURANCE COMPANY, an Oklahoma Corporation; Bernard G. Ille, Jack T. Massey, Guy Bellamy, Ed Dudley, Joe F. Gary, M. C. Duncan and F. Keith Jones, citizens of Oklahoma, Defendants.

No. CIV–80–674–D.

United States District Court,
W. D. Oklahoma.

June 18, 1980.

Thomas A. Massey, Oklahoma City, Okl., David A. Ross, Washington, D. C., for plaintiffs.

James W. "Bill" Berry, Jack R. Lawrence, Burck Bailey, Oklahoma City, Okl., Robert F. Watson, Fort Worth, Tex., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for declaratory and injunctive relief against Defendants wherein Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. Presently before the Court is Plaintiffs' Motion for Preliminary Injunction wherein Plaintiffs seek a preliminary injunction restraining Defendants from:

"(a) holding the 1980 annual meeting of United Founders Stockholders on June 17, 1980;

(b) voting proxies received by any of them in connection with said meeting, and

(c) taking any other steps, directly or indirectly, to implement, effectuate or in any other way carry out said meeting or voting or proxies."

Plaintiffs have asked for said preliminary injunction leading to a permanent injunction restraining the above activities "until the Plaintiffs have had a fair and equal opportunity to communicate with and to distribute their proxy soliciting material" to the Defendant United Founders Life Insurance Company's ("United Founders") stockholders. Plaintiffs' Motion is supported by a Brief and affidavit, and Defendants have filed an objection and supporting Brief and affidavit opposing said Motion. A hearing was held in connection with the instant Motion on June 12, 1980.

At the outset, the Court notes that Defendants contend that they received insufficient notice of Plaintiffs' Motion not in compliance with Rule 6(d) and 65(a)(1), Federal Rules of Civil Procedure. Defendants' objection to Plaintiffs' Motion is without merit as the Court, by order, shortened the notice period under Rule 6(d), *supra*, and the actual notice requirements of Rule 65(a)(1), *supra*, have been satisfied as evidenced by the Defendants appearing at the June 12, 1980 hearing.

At the hearing on Plaintiffs' Motion held on June 12, 1980, it was brought to the attention of this Court that there are presently pending several cases in the Oklahoma Supreme Court and lower state courts involving the same parties and the same issues present in this case. Plaintiffs have been seeking to gain control of United Founders for several years. This controversy has led to five separate actions being filed in this Court and numerous state court cases.

Presently on appeal in the Supreme Court of Oklahoma is a ruling by Judge Theus of Oklahoma County District Court on the question of whether the Plaintiffs herein are proper persons to take control of United Founders. There has been a petition in error filed in CJ–80–2550 by Defendants appealing Oklahoma County District Judge Hunter's decision that Defendants did not have standing to bring an action against Plaintiffs for allegedly violating the Oklahoma Insurance Code.[1] Also on appeal[2] is a ruling of Judge Smith of Oklahoma County District Court ordering Defendants to turn over a list of United Founders' stockholders to Plaintiffs so they would be able to distribute proxy information. Defendants filed an appeal to said order and the order was stayed pending appeal upon Defendants' posting a supersedeas bond. Subsequent to said appeal of Judge Smith's ruling, Plaintiffs' made an Application for Ancillary Relief before Judge Smith asking that the stockholders meeting of June 17, 1980 be enjoined until Plaintiffs could communicate with stockholders or in the alternative that proxy material be sent through a transfer agent to shareholders. Judge Smith denied Plaintiffs' application. Plaintiffs then made application to the Oklahoma Supreme Court asking the same relief which was denied by said Court. Plaintiffs finally asked the Oklahoma Insurance Commission to stay the June 17, 1980 shareholders meeting,[3] which request was denied.

It is settled law that pendency of an action in state court is no bar to proceeding in federal court. However, the district court is under no compulsion to exercise that jurisdiction. *Will v. Calvert Fire Insurance Company*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). Interference with the ordinary and comprehensive disposition of a state court action should be avoided and the decision to abstain from hearing an action in federal courts is com-

---

1. Supreme Court of Oklahoma Case No. 55,373.

2. Supreme Court of Oklahoma Case No. 55,050.

3. This request was in the form of a letter dated June 6, 1980, to Gerald Grimes, the Oklahoma Insurance Commissioner.

mitted to the discretion of the district court. *Will v. Calvert Fire Insurance Company, supra.* Considerations of comity and principles of sound judicial administration require abstention when a state court decision is on appeal to that state's supreme court and a second action is filed in federal court. *See Morgan v. Equitable Life Assurance Society of the United States,* 446 F.2d 929 (Tenth Cir. 1971); *see also Cessna Aircraft Co. v. Brown,* 348 F.2d 689 (Tenth Cir. 1965).

■■■ The instant action is more than a case of one action being filed in state court and a second action in federal court. If that were the case, abstention might not be proper.[4] In the instant case the state district court has reached a decision on Plaintiffs' right to the shareholders list in order to distribute proxy information but that decision is pending on appeal to the state Supreme Court. Furthermore, two state courts and one state agency have previously denied Plaintiffs the same injunctive relief they seek in this Court. If this Court were to consider Plaintiffs' Motion for Preliminary Injunction it would in effect be acting as an appellate court reviewing the decisions of the state district and supreme courts and the state insurance commission. In this connection, it is well established that the federal district courts are not appellate courts for state court decisions and they have no jurisdiction to exercise appellate jurisdiction over the state courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Smiley v. South Dakota,* 551 F.2d 774 (Eighth Cir. 1977); *Dade County Classroom Teachers Association v. Nathan,* 413 F.2d 1005 (Fifth Cir. 1969); *Aristocrat Health Club of Hartford, Inc. v. Chaucer,* 451 F.Supp. 210 (D.Conn.1978).

Therefore, for the reasons stated above and in consideration of comity and sound judicial administration, the Court finds and concludes that Plaintiffs' Motion for Preliminary Injunction should be denied.

IT IS SO ORDERED this 12th day of June, 1980.

**4.** In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), the

United States Supreme Court held that "abstention from the obligation to decide cases can be justified only in exceptional circumstances."